## DEPARTMENT OF TRANSPORTATION, Petitioner

v.

## OFFICE OF OPEN RECORDS, Respondent.

Commonwealth Court of Pennsylvania.

Argued Sept. 14, 2010.

Decided Nov. 1, 2010.

---

Stephen F.J. Martin, Asst. Counsel and Jeffrey M. Spotts, Asst. Counsel, Harrisburg, for petitioner.

John L. Aris, Bala Cynwyd, for intervenor, John L. Aris.

BEFORE: COHN JUBELIRER, Judge, and LEAVITT, Judge, and FRIEDMAN, Senior Judge.

OPINION BY Judge COHN JUBELIRER.

The Department of Transportation (Department) appeals from the Final Determination of the Office of Open Records

(OOR) insofar as it grants, in part, the appeal of John L. Aris (Requester) from the Department's decision denying Requester's request (the Request) under the Right–to–Know Law (RTKL)[1] for traffic studies and sight distance measurements involving the intersection of Washington Boulevard and Shiffler Avenue (the Intersection) in Loyalsock Township, Pennsylvania. The Department argues that the records are exempt from disclosure pursuant to Section 3754 of the Vehicle Code, 75 Pa.C.S. § 3754. The Department also argues that these documents are records relating to noncriminal investigations and are, therefore, exempt from disclosure under Section 708(b)(17) of the RTKL, 65 P.S. § 67.708(b)(17).

On August 4, 2009, Requester submitted the Request seeking:

1. All accident reports for [the Intersection] from 1997 to 2009.

2. All documents reflecting any instruction or warning given to a property owner/tenant at the northeast corner of [the Intersection] concerning the trees or foliage at or near the corner.

3. All documents reflecting removal or trimming of foliage/trees along the north side of [the Intersection] from 1997–2007.

4. All traffic and engineering studies done regarding [the Intersection].

5. All documents reflecting complaints made regarding [the Intersection].

6. All documents pertaining to sight distance or corner sight distance measurements at [the Intersection].

(Request, R.R. at 6a.) On September 18, 2009, the Department responded to the Request, granting it in part and denying it in part. (Letter from the Department's Agency Open Records Officer to Requester (September 18, 2009) (Request Response), R.R. at 7a–8a.) The Department denied the Request for accident reports on the grounds that Section 3751 of the Vehicle Code, 75 Pa.C.S. § 3751, provides that police departments, alone, are authorized to disseminate accident reports; however, the Department did provide a crash history for the Intersection. (Request Response at 2, R.R. at 8a.) The Department denied the Request for traffic and engineering studies on the basis that Section 3754 provides that these studies are not public records. The Department denied the Request for complaints regarding the Intersection on the basis of Section 708(b)(17)(i) of the RTKL, 65 P.S. § 67.708(b)(17)(i), which exempts complaints related to agency noncriminal investigations. Finally, the Department denied the Request for documents relating to sight distances at the Intersection on the basis that "[t]he only records we have that would provide sight distances at [the Intersection] are safety studies" and safety studies are exempt from disclosure pursuant to Section 3754 of the Vehicle Code. (Request Response at 2, R.R. at 8a.) The Department granted the remainder of the Request.

Requester appealed to the OOR, arguing that the Department's interpretation of Sections 3751 and 3754 was inaccurate and that the Department failed to show that complaints about the Intersection were related to noncriminal investigations. The Department sent a response to OOR making arguments similar to those it makes before this Court. (Letter from the Department to the OOR (October 9, 2009) (OOR Response), R.R. at 21a–30a.) As part of the OOR Response, the Department included the affidavit of James P. Tenaglia, P.E., a Senior Civil Engineer

---

1. Act of February 14, 2008, P.L. 6, 65 P.S. §§ 67.101—67.3104.

Manager with the Department (Affidavit). The Affidavit provides, in relevant part:

3. Each of the records at issue in this appeal are the constituent parts of traffic engineering studies completed pursuant to federal law and in furtherance of the authority vested in the Department, which includes the development of a comprehensive Crash Record System, among other federal requirements.

4. Police accident reports are collected by the Department and used exclusively for investigations related to accident prevention, accident remediation, and traffic and engineering studies.

5. Police accident reports are not disclosed by the Department pursuant to Section 3751 of the Vehicle Code, except as provided in Title 67 of the Pennsylvania Code, Chapter 95.

6. Traffic and engineering studies are not disclosed by the Department pursuant to Section 3754 of the Vehicle Code, except as provided in Title 67 of the Pennsylvania Code, Chapter 95.

7. Police reports, citizen complaints and documents pertaining to sight or corner sight distances are examples of the constituent parts of a traffic safety and engineering study and are therefore not disclosed to the public pursuant to Section 3754 of the Vehicle Code.

8. To protect the health, safety and welfare of the motoring public, by making necessary safety improvements to intersections, highways and bridges, the Department must gather and access reliable data in completing traffic engineering studies.

9. The only way to protect the candor of such analyses (conducted in the subject studies) is to ensure that traffic engineering studies and their constituent parts are not later used against the Department as evidence in legal proceedings.

10. If such data and information was not confidential, Department engineers and experts would not be able to freely discuss problems and potential solutions.

(Affidavit ¶¶ 3–10, R.R. at 31a–32a.)

On October 22, 2009, the OOR issued its Final Determination. The OOR held that the Department failed to show that traffic studies or sight distance measurements were exempt from disclosure under Section 3754 of the Vehicle Code and, therefore, ordered the Department to release these records. The OOR affirmed the Department's denials in all other respects. The Department now petitions this Court for review.[2]

Before this Court, the Department argues that the traffic studies and sight distance measurements are exempt from disclosure pursuant to either Section 3754 of the Vehicle Code and related regulations or Section 708(b)(17) of the RTKL.[3] In addition, before this Court for disposition is the Department's Application to Modify Certified Record, which seeks to modify the record before this Court to include the

---

2. In reviewing a final determination of the OOR, this Court "independently reviews the OOR's orders and may substitute its own findings of fact for that of the agency." *Bowling v. Office of Open Records*, 990 A.2d 813, 818 (Pa.Cmwlth.2010) (en banc). With regard to what evidence this Court may consider in reviewing a decision of the OOR, this Court "is entitled to the broadest scope of review" but "should consider the manner of proceeding most consistent with justice, fairness and expeditious resolution." *Id.* at 820, 823. The RTKL does not prohibit this Court from considering evidence that was not before the OOR. *Id.* at 820.

3. Requester has not challenged the OOR's determination that the accident reports are exempt pursuant to Section 3751 of the Vehicle Code.

OOR Response and Affidavit, which the OOR did not include as part of the original record certified to this Court.

■ We first address the issue of whether the Department's OOR Response and Affidavit should properly be part of the record before this Court. Section 1303(b) of the RTKL, 65 P.S. § 67.1303(b), provides that "[t]he record before a court shall consist of the request, the agency's response, the appeal filed under section 1101, the hearing transcript, if any, and the final written determination of the appeals officer." The OOR argues[4] that Section 1303(b) explicitly limits the record on review to this Court and thus, the original record certified to this Court may not include all of the information that was before an appeals officer for the OOR. However, we need to view Section 1303 in the context of the appeal procedures established by the RTKL. Section 1303(b) states that the record on appeal to this Court includes "the appeal filed under Section 1101." 65 P.S. § 67.1303(b). Section 1101 of the RTKL, 65 P.S. § 67.1101, provides for appeal of an agency's determination regarding a request and provides for assignment of such an appeal to an appeals officer. Section 1102 of the RTKL, 65 P.S. § 67.1102, describes the duties of such an appeals officer, stating in part, "[t]he appeals officer may admit into evidence testimony, evidence and documents that the appeals officer believes to be reasonably probative and relevant to an issue in dispute." 65 P.S. § 67.1102(a)(2). Thus, reading all of these provisions together we believe that, by stating that the record before this Court on appeal is to consist of the appeal filed pursuant to Section 1101, the Legislature intended the record to be certified to this Court pursuant to Section 1303(b) to include evidence and documents admitted into evidence by the appeals officer pursuant to Section 1102(a)(2). This interpretation of Section 1303(b) is consistent with Rule 1951(a) of the Pennsylvania Rules of Appellate Procedure, which provides:

> (a) Composition of the record. Where under the applicable law the questions raised by a petition for review may be determined by the court in whole or in part upon the record before the government unit, such record shall consist of:

4. In its Petition for Review filed on November 20, 2009, the Department named the OOR as respondent. Requester subsequently intervened. On May 24, 2010, this Court issued an opinion in *East Stroudsburg University Foundation v. Office of Open Records,* in which this Court held that the OOR generally does not have standing to defend its decisions on appeal to this Court. 995 A.2d 496, 507 (Pa.Cmwlth.2010). On July 9, 2010, the Department filed its Application to Strike Brief, Substitute Party and Amend Caption (Application to Strike), in which it sought to strike the OOR's brief "relating to all matters, excepting the question of what constitutes the Certified Record before this Court," and amend the caption of this case to reflect Requester as the respondent. (Application to Strike ¶ A.) By order dated July 27, 2010, this Court stated:

> To the extent [the Department] challenges [the OOR's] failure to include certain documents in the record certified to this Court, [the OOR] has standing to defend its duties under Section 1303 of the [RTKL]. [The Department's] application to strike [the OOR's] brief is denied; a party interested in the questions involved in a matter pending before the Court may participate as amicus curiae. Pa. R.A.P. 531.

*Department of Transportation v. Office of Open Records* (Pa.Cmwlth. No. 2259 C.D. 2009, filed July 27, 2010) (footnote omitted). The OOR then filed its Application to Present Oral Argument by Amicus Curiae, which this Court granted by order dated September 2, 2010. However, from a close reading of this Court's July 27, 2010 order, it appears that the OOR is still the respondent in this case, while Requester is an intervenor.

(1) The order of other determination or other determination of the government unit sought to be reviewed.

(2) The findings or report on which such order or other determination is based.

(3) The pleadings, evidence and proceedings before the government unit.

Pa. R.A.P. 1951(a). To hold otherwise—that the record certified to this Court should not contain relevant, probative evidence considered by the OOR—would be an absurd reading of Section 1303(b). *See* 1 Pa.C.S. § 1922(1) (stating "the General Assembly does not intend a result that is absurd, impossible of execution or unreasonable"). It would also frustrate appellate review of the determination to exclude from this Court's review the evidence that was before the appeals officer. Therefore, we grant the Department's Application to Modify the Certified Record.

■ We now turn to the Department's argument that the traffic studies and sight distance measurements sought by Requester are exempt from disclosure pursuant to either Section 3754 of the Vehicle Code and related regulations or Section 708(b)(17) of the RTKL. Section 301(a) of the RTKL, 65 P.S. § 67.301(a), provides that "[a] Commonwealth agency shall provide public records in accordance with this act." 65 P.S. § 67.301(a). Section 305(a) of the RTKL provides that records possessed by Commonwealth agencies are presumed to be public records, but that this "presumption shall not apply if: (1) the record is exempt under section 708; *(2) the record is protected by a privilege;*

or (3) the record is exempt from disclosure under any other Federal or State law, regulation or judicial order or decree." 65 P.S. § 67.305(a) (emphasis added). Section 3754 of the Vehicle Code provides:

(a) GENERAL RULE.—The department, in association with the Pennsylvania State Police, may conduct in-depth accident investigations and safety studies of the human, vehicle and environmental aspects of traffic accidents for the purpose of determining the causes of traffic accidents and the improvements which may help prevent similar types of accidents or increase the overall safety of roadways and bridges.

(b) CONFIDENTIALITY OF REPORTS.—In-depth accident investigations and safety studies and information, records and reports used in their preparation shall not be discoverable nor admissible as evidence in any legal action or other proceeding, nor shall officers or employees or the agencies charged with the development, procurement or custody of in-depth accident investigations and safety study records and reports be required to give depositions or evidence pertaining to anything contained in such in-depth accident investigations or safety study records or reports in any legal action or other proceeding.

75 Pa.C.S. § 3754. The Pennsylvania Supreme Court, in *Department of Transportation v. Taylor*, construed Section 3754 as granting a "narrow but absolute privilege" in the documents specified by Section 3754(b). 576 Pa. 622, 635, 841 A.2d 108, 116 (2004).[5] The Department argues that

---

5. *Taylor* dealt with the Department's motion to quash a subpoena by a criminal defendant for in-depth accident investigations and safety studies for a section of highway in which the defendant was involved in an accident that resulted in his being charged with vehicular homicide and lesser charges. The Supreme Court held that the privilege conferred by Section 3754 protected safety studies and in-depth accident investigations from discovery even in a criminal trial and that the absolute privilege conferred by Section 3754 did not violate the defendant's right to due process in

the sight distance measurements and traffic studies sought by Requester are either safety studies under Section 3754(b) or information used in the preparation of safety studies and are, therefore, privileged pursuant to Section 3754(b) and *Taylor*. Thus, the Department argues, these materials are exempt from the presumption that they are disclosable public records pursuant to Section 305(a)(2) of the RTKL.

Requester and the OOR argue that Section 3754(b) provides only an evidentiary privilege—a protection from discovery in litigation—not a guarantee of confidentiality. We disagree. As the Supreme Court recognized in *Taylor*, the scope of Section 3754(b)'s privilege is narrow, but it is an absolute evidentiary privilege. In enacting this privilege the Legislature exhibited a strong intention that in-depth accident reports, safety studies, and their constituent materials remain confidential. This Court believes that it is such an evidentiary privilege that, by the plain language of Section 305(a)(2) of the RTKL, the Legislature intended to exempt such materials from the definition of public record. Thus, safety studies as described in Section 3754(a) and the information, reports and records, used in preparation of such safety studies are exempt from disclosure.

The question remains, however, of whether the Department carried its burden of showing that the requested sight distance measurements and traffic studies fall within the privilege granted by Section 3754 of the Vehicle Code. As noted above, the Department's Affidavit states:

3. Each of the records at issue in this appeal are the constituent parts of traffic engineering studies completed pursuant to federal law and in furtherance of the authority vested in the Department, which includes the develop-

ment of a comprehensive Crash Record System, among other federal requirements.

4. Police accident reports are collected by the Department and used exclusively for investigations related to accident prevention, accident remediation, and traffic and engineering studies.

5. Police accident reports are not disclosed by the Department pursuant to Section 3751 of the Vehicle Code, except as provided in Title 67 of the Pennsylvania Code, Chapter 95.

6. Traffic and engineering studies are not disclosed by the Department pursuant to Section 3754 of the Vehicle Code, except as provided in Title 67 of the Pennsylvania Code, Chapter 95.

7. Police reports, citizen complaints and documents pertaining to sight or corner sight. distances are examples of the constituent parts of a traffic safety and engineering study and are therefore not disclosed to the public pursuant to Section 3754 of the Vehicle Code.

(Affidavit at 1–2, R.R. at 31a–32a.) Essentially, the Affidavit avers that sight distance measurements and traffic studies are used in preparation of safety studies. However, the Affidavit does not aver that the *specific* sight distance measurements and traffic studies requested *in this case* are information that has been used in formulating a safety study or will necessarily be used in formulating a safety study. Therefore, the Department failed to carry its burden of showing that the requested documents in this case fall within the privilege conferred by Section 3754 of the Vehicle Code and would, thus, be exempt from the definition of public record pursuant to Section 305(a)(2) of the RTKL.

the form of exculpatory evidence. *Taylor*, 576 Pa. at 637–38, 841 A.2d at 117–18.

■ The Department also argues that the sight distance measurements and traffic studies are exempt as noncriminal investigative records, pursuant to Section 708(b)(17) of the RTKL, 65 P.S. § 67.708(b)(17). However, the Department did not cite Section 708(b)(17) as a reason for its denial of the sight distance measurements and traffic studies in its Request Response. In *Signature Information Solutions, LLC v. Aston Township*, 995 A.2d 510 (Pa.Cmwlth.2010), this Court held that an agency may not assert a basis on appeal to justify its denial of disclosure of records that it did not assert in its initial response to a request for those records. *Id.* at 514. Therefore, the Department has waived any argument that the sight distance measurements and traffic studies were noncriminal investigative materials.

For these reasons, we grant the Department's Application to Modify Certified Record and affirm the Order of the OOR.

### ORDER

**NOW,** November 1, 2010, the Application to Modify Certified Record of the Department of Transportation in the above-captioned matter is hereby **GRANTED** and the Order of the Office of Open Records is hereby **AFFIRMED.**