**PENNSYLVANIA HOUSING
FINANCE AGENCY,**
Petitioner

v.

**Jihad ALI, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Oct. 7, 2011.
Decided March 7, 2012.
Publication Ordered May 15, 2012.

Samara Gomez, Assistant Counsel, Harrisburg, for petitioner.

BEFORE: LEADBETTER, President Judge,[1] and BROBSON, Judge, and McCULLOUGH, Judge.

OPINION BY Judge McCULLOUGH.

Pennsylvania Housing Finance Agency (PHFA) petitions for review of the April

---

1. This case was assigned to the opinion writer on or before January 6, 2012, when President Judge Leadbetter completed her term as President Judge.

12, 2011, final determination of the Office of Open Records (OOR) granting in part, denying in part, and dismissing as moot in part the appeal of Jihad Ali (Ali) from PHFA's denial of his Right–to–Know Law [2] (RTKL) request. We affirm in part and reverse in part.

On March 3, 2011, Ali submitted a RTKL request to PHFA seeking:

1. Copy of all correspondence, including proposal and sales agreements concerning item 4A—Restructuring of Mortgage Loan—Tasker Village[ ] found on the PHFA February 10, 2011 Agenda and, or distributed to the Board.

2. Copy of all correspondence, including proposal and sales agreements concerning item 4C Project Workout—Chestnut/56th Street Apartments found on the PHFA February 10, 2011 Agenda and, or distributed to the Board.

(Reproduced Record (R.R.) at 2.)

On March 10, 2011, PHFA denied the request on the basis that it was insufficiently specific under section 703 of the RTKL.[3] (R.R. at 18.) PHFA also indicated that some of the requested records may be exempt as internal predecisional deliberations under section 708(b)(10)(i)(A) of the RTKL.[4] (*Id.* at 19.) [5]

On March 15, 2011, Ali appealed PHFA's denial to the OOR, stating the following grounds for appeal:

The [RTKL request] seeks various documents regarding the Tasker Village Project and the Chestnut/56th Street Apartments Project. To make things easier, Mr. Ali clearly explains in the [RTKL request] that the objects requested are described in the PHFA's own Agenda of February 10, 2011. The Agenda was attached to the [RTKL request]. The [RTKL request] says to look at Item 4A and 4C of the Agenda. Since Mr. Ali included PHFA's own Agenda, it is very difficult to imagine that this request could be any more specific.

(R.R. at 21.)

On April 12, 2011, the OOR issued a final determination disposing of Ali's appeal. The OOR determined that Ali's request for correspondence was limited to the extent that it only requested

---

2. Act of February 14, 2008, P.L. 6, 65 P.S. §§ 67.101—67.3104.

3. 65 P.S. § 67.703. Section 703 provides, in pertinent part, that "[a] written request should identify or describe the records sought with sufficient specificity to enable the agency to ascertain which records are being requested...."

4. 65 P.S. § 67.708(b)(10)(i)(A). Section 708(b)(10)(i)(A) states:

(b) **Exceptions.**—Except as provided in subsections (c) and (d), the following are exempt from access by a requester under this act:

* * *

(10)(i) A record that reflects:
(A) The internal, predecisional deliberations of an agency, its members, employees or officials or decisional deliberations between agency members, employees or officials and members, employees or officials of another agency, including predecisional deliberations relating to a budget recommendation, legislative proposal, legislative amendment, contemplated or proposed policy or course of action or any research, memos or other documents used in the predecisional deliberations.

5. PHFA also instructed Ali:

[Y]ou are not precluded from refining your request and submitting a new one, if there is specific information and a specific time frame that you can provide. Furthermore, I encourage you to visit our website—www.phfa.org, which lists the documents that must be submitted by developers, this may assist you with identifying what records you are seeking. I also suggest that you contact our Director of Development ... who may be able to assist you with specifically identifying the request you are seeking....

correspondence related to the restructuring of the Tasker Village mortgage and the Chestnut/56th Street Apartments workout project that was "distributed to the Board for the Agenda" and, therefore, was sufficiently specific to enable PHFA to respond to the request. (R.R. at 34–35.) The OOR also determined that PHFA did not sustain its burden[6] of demonstrating the predecisional deliberative exception of section 708(b)(1) by a preponderance of the evidence with respect to that correspondence. (*Id.* at 35.) The OOR noted that PHFA had furnished the proposals and sales agreements for the Tasker Village mortgage restructuring as requested and that corresponding records for the Chestnut/56th Street Apartments project do not exist. (*Id.* at 36.) Accordingly, the OOR granted the appeal in part and directed PHFA to disclose correspondence concerning the two projects as described in the Agenda, and distributed to the Board for the Agenda, to Ali within 30 days; denied the appeal in part as to "all correspondence" for which no recipient was identified; and dismissed as moot in part the appeal with respect to the records already provided by PHFA or those not in its possession. (*Id.*) PHFA then filed the instant petition for review.[78]

■ In this appeal, PHFA claims that it properly denied Ali's RTKL request as insufficiently specific under section 703 of the RTKL because the request was subject to multiple interpretations as to what records were sought and that the OOR was precluded from narrowing Ali's request on appeal to "correspondence . . . distributed to the Board for the Agenda" thereby making it sufficiently specific. We agree.

In *Pennsylvania State Police v. Office of Open Records,* 995 A.2d 515–16 (Pa. Cmwlth.2010) (citation to record omitted), the requestor sought:

> Any and all records, files, or *manual(s),* communication(s) of any kind, that explain, instruct, or require officer(s) and Trooper(s) to follow when stopping a Motor Vehicle, pertaining to subsequent search(es) of that Vehicle, and the seizures of any property, reason(s) therefore (sic) taking property. (Emphasis added.)

The Pennsylvania State Police (PSP) denied the request as insufficiently specific, and the requestor appealed to the OOR. The OOR: (1) agreed that the request was insufficiently specific; (2) noted that the requestor narrowed the request on appeal to seeking only a "manual" relating the procedures used for handling vehicle stops and the subsequent searches; and (3) narrowed the request to include only that specific manual and ordered the PSP to turn it over to the requestor.

(R.R. at 19.)

6. The OOR noted the provisions of section 708(a)(1) of the RTKL which states that "[t]he burden of proving that a record of a Commonwealth agency ... is exempt from public access shall be on the Commonwealth agency ... receiving a request by a preponderance of the evidence." 65 P.S. § 67.707(a)(1).

7. In reviewing a final determination of the OOR, this Court independently reviews the OOR's orders and may substitute its own findings of fact for those of the agency. *Office of the Budget v. Office of Open Records,* 11 A.3d

618, 620 n. 6 (Pa.Cmwlth.2011). In addition, the RTKL does not prohibit this Court from considering evidence that was not presented to the OOR. *Id.* Indeed, in reviewing a decision of the OOR, this Court is entitled to the broadest scope of review, while *mindful to proceed in a manner most consistent with justice, fairness and expeditious resolution. Id.*

8. By letter dated September 19, 2011, and filed with the Court, Ali indicated that he was adopting the final determination of the OOR and would not be filing an appellate brief in this matter.

On appeal, the PSP argued that the OOR did not have the authority to unilaterally narrow the scope of a request so that it would conform to the requirements of the RTKL. The OOR conceded that it had erred by narrowing the request and asked this Court to reverse its decision. This Court agreed with the PSP and the OOR, stating:

> Under [sections 901, 903, and 1101 of the RTKL[9]], the requestor tells the agency what records he wants, and the agency responds by either giving the records or denying the request by providing specific reasons why the request has been denied. The requestor can then take an appeal to the OOR where it is given to a hearing officer for a determination. Nowhere in this process had the General Assembly provided that the OOR can refashion the request.

*Pennsylvania State Police*, 995 A.2d at 516.

However, we disagreed with the OOR's conclusion that all of the information that was requested was insufficiently specific, stating:

> [T]he OOR determined that the request was insufficiently specific by reasoning that "conceivably" the request could be read to ask for any and all materials regarding any and all types of seizure. In context, it is clear that the phrase

"and the seizure of any property" refers only to property seized from a vehicle following a stop and search of that vehicle and is, thus, not overbroad. What is overbroad, though, is the first clause of the request, which begins, "Any and all records, files, or manual(s), communication(s) of any kind. . . ." The portion of the request seeking any and all records, files or communications is insufficiently specific for the PSP to respond to the request. However, the request for "manual(s)" relating to vehicle stops, searches and seizures is specific and does provide a basis for the PSP to respond.

*Pennsylvania State Police*, 995 A.2d at 517 (citation to record omitted.) Accordingly, we affirmed the OOR's determination regarding the request for "any and all records, files or communications of any kind", vacated as to the request for "manuals," and remanded to the PSP to either provide access to the manuals or to give specific reasons why access would be denied. *Id.*[10]

■ Likewise, in this case, the requests for "all correspondence . . . concerning" the restructuring of the Tasker Village mortgage and the Chestnut/56th Street Apartments workout project "and/or distributed to the Board" were insufficiently specific for PHFA to respond to the requests. *Pennsylvania State Police.* In

---

9. 65 P.S. §§ 67.901, 67.903, 67.1101. As we noted:

> [S]ection 901 deals with the process the agency must go through to determine how to respond to a request for a record. It provides that an agency must make a good faith effort to determine the type of record requested and then to respond as promptly as possible to the request. Section 903 provides that if an agency denies access to a record, it must give "[t]he specific reasons for the denial." Section 1101 provides, "The appeal [to the OOR] shall state the grounds upon which the requestor asserts that the record is a public record, legisla-

tive record or financial record and shall address any grounds stated by the agency for delaying or denying the request."
*Pennsylvania State Police*, 995 A.2d at 516.

10. *See also Mollick v. Township of Worcester,* 32 A.3d 859, 871 (Pa.Cmwlth.2011) (holding that it is the requestor's responsibility to tell an agency what records he wants and the OOR has no authority to remedy a requestor's failure to provide a sufficiently specific request by directing an agency to provide a sampling of the information sought so the requestor can fashion a more specific and detailed request.)

addition, the OOR erred in interpreting the requests as seeking documents "distributed to the Board for the Agenda" as that qualification is not apparent on the face of the requests; the requests merely sought all correspondence relating to those activities on the PHFA agenda "and, or distributed to the Board." *Id.* As a result, the OOR's determination granting Ali's appeal in this regard and requiring PHFA to release such correspondence must be reversed.

However, the OOR did properly find that the requests for all other correspondence were overbroad and that the requests for "proposal and sales agreements" relating to the restructuring of the Tasker Village mortgage and the Chestnut/56th Street Apartments workout project were sufficiently specific. *Pennsylvania State Police.* The OOR also correctly determined that PHFA discharged its duty under the RTKL by releasing those documents relating to the restructuring of the Tasker Village mortgage and by attesting that corresponding records for the Chestnut/56th Street Apartments project do not exist.[11] *Id.* As a result, the OOR's determination that Ali's appeal should be denied in part and dismissed as moot in part must be affirmed.

Accordingly, the OOR's decision is affirmed in part and reversed in part.[12]

Judge LEAVITT did not participate in the decision of this case.

---

**ORDER**

AND NOW, this 7th day of March, 2012, the April 12, 2011, final determination of the Office of Open Records, to the extent that it granted the appeal of Jihad Ali from Pennsylvania Housing Finance Agency's denial of his Right–to–Know Law request, is reversed; the final determination is affirmed in all other respects.

---

11. As this Court explained in *Moore v. Office of Open Records,* 992 A.2d 907, 909 (Pa. Cmwlth.2010):

> [T]he Department searched its records and submitted both sworn and unsworn affidavits that it was not in the possession of Moore's judgment of sentence—that such a record does not currently exist. These statements are enough to satisfy the Department's burden of demonstrating the nonexistence of the record in question, and obviously the Department cannot grant access to a record that does not exist. Be-

cause under the current RTKL the Department cannot be made to create a record which does not exist, the OOR properly denied Moore's appeal.

12. In this appeal, PHFA also alleges that the OOR erred by prematurely concluding that PHFA failed to satisfy the internal predecisional deliberation exemption of section 708(b)(10)(i)(A) of the RTKL. However, we need not reach this issue due to our disposition of the other claims raised in this appeal.