**PENNSYLVANIA STATE
POLICE, Petitioner**

v.

**OFFICE OF OPEN RECORDS,
Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs April 23, 2010.
Decided May 26, 2010.

Keli M. Neary, Asst. Counsel, and Barbara L. Christie, Chief Counsel, Harrisburg, for petitioner.

Corinna V. Wilson, Chief Counsel, Harrisburg, for respondent.

BEFORE: PELLEGRINI, Judge, and SIMPSON, Judge, and FRIEDMAN, Senior Judge.

OPINION BY Judge PELLEGRINI.

The Pennsylvania State Police (PSP) appeals from the final determination of the Office of Open Records (OOR) granting the appeal of John P. George (Requestor) who had requested certain information from the PSP regarding vehicle stops and searches and the seizure of property taken from such vehicles.

Requestor submitted a Right–to–Know Law (RTKL)[1] request to the PSP seeking:

Any and all records, files, or *manual(s)*, communication(s) of any kind, that ex-

1. Act of February 14, 2008, P.L. 6, 65 P.S. §§ 67.101–67.3104.

plain, instruct, and or require officer(s) and Trooper(s) to follow when stopping a Motor Vehicle, pertaining to subsequent search(es) of that Vehicle, and the seizures of any property, reason(s) therefore (sic) taking property. (Emphasis added.)

(Reproduced Record, p. 23.)

The PSP denied the request stating that it was insufficiently specific,[2] and Requestor appealed to the OOR. The OOR agreed that the request was insufficiently specific, stating that the final phrase of the request, "and the seizures of any property, reason(s) therefore (sic) taking property," could be read to mean the seizure of any property from any location or any person for any reason. (OOR Final Determination, p. 7.) However, the OOR stated that in his appeal, Requestor narrowed his request to make it clear he was only seeking a "manual" relating to the actual procedures for handling the vehicle stop and subsequent search of the person, vehicle and property within the vehicle. In turn, the OOR itself narrowed the request to include only that specific manual and ordered the PSP to turn over that information to Requestor.

■■■ PSP appealed[3] arguing that the OOR does not have the authority to unilaterally narrow the scope of a request to make it conform to the parameters of the RTKL. The OOR in its brief concedes that the PSP is correct and that it erred by narrowing the request and asks us to reverse its decision. We agree that the request and the reason(s) that the agency denies access are fixed, and the OOR is limited to the reasons set forth in those pleadings unless the agency cannot know that the record is not subject to access or make other determinations before a preliminary matter is resolved. Otherwise, the procedures would not be in accord with the legislative scheme set forth in Sections 901, 903 and 1101 of the RTKL regarding access to public records.[4] Section 901 deals with the process the agency must go through to determine how to respond to a request for a record. It provides that an agency must make a good faith effort to determine the type of record requested and then to respond as promptly as possible to the request. Section 903 provides that if an agency denies access to a record, it must give "[t]he specific reasons for the denial." Section 1101 provides, "The appeal [to the OOR] shall state the grounds upon which the requester asserts that the record is a public record, legislative record or financial record and shall address any grounds stated by the agency for delaying or denying the request."

Under these provisions, the requestor tells the agency what records he wants, and the agency responds by either giving the records or denying the request by providing specific reasons why the request has been denied. The requestor can then take an appeal to the OOR where it is given to a hearing officer for a determination. Nowhere in this process has the General Assembly provided that the OOR can refashion the request.

■■■ Having said all that, we do not agree with the OOR that all of the information requested in this case was insuffi-

---

2. Section 703 of the RTKL, 65 P.S. § 67.703, provides, in pertinent part, "A written request should identify or describe the records sought with sufficient specificity to enable the agency to ascertain which records are being requested."

3. Our standard of review in an appeal from the OOR is independent review of the evidence, and our scope of review is plenary. *Bowling v. Office of Open Records*, 990 A.2d 813 (Pa.Cmwlth.2010).

4. 65 P.S. §§ 67.901, 67.903 and 67.1101.

ciently specific. The OOR determined that the request was insufficiently specific by reasoning that "conceivably" the request could be read to ask for any and all materials regarding any and all types of seizure. In context, it is clear that the phrase "and the seizure of any property" refers only to property seized from a vehicle following a stop and search of that vehicle and is, thus, not overbroad. What is overbroad, though, is the first clause of the request, which begins, "Any and all records, files, or manual(s), communication(s) of any kind...." (Reproduced Record, p. 23.) The portion of the request seeking any and all records, files or communications is insufficiently specific for the PSP to respond to the request. However, the request for "manual(s)" relating to vehicle stops, searches and seizures is specific and does provide a basis for the PSP to respond.

Because the valid part of the request was included in a laundry list of requested materials and because of the newness of the law, the PSP may still raise any claim that access to the manuals, if they exist, should be denied under another provision of the RTKL. However, agencies as a normal practice should raise all objections to access when the request is made if the reason for denying access can be reasonably discerned when the request is made. Otherwise, review will be piecemeal, and the purpose of the RTKL in allowing access to public records in a timely manner will be frustrated.

For the foregoing reasons, the OOR's final determination is affirmed regarding the request for "any and all records, files, or communications of any kind" but it is vacated as to the request for "manuals." The matter is remanded to the Pennsylvania State Police to either provide access to the manual(s) or give specific reasons why access is denied.

## ORDER

AND NOW, this *26th* day of *May,* 2010, the final determination of the Office of Open Records dated July 20, 2009, is affirmed regarding the request for "any and all records, files, or communications of any kind" but it is vacated as to the request for "manuals." The matter is remanded to the Pennsylvania State Police to either provide access to the manual(s) or give specific reasons why access is denied.

Jurisdiction relinquished.