EASTON AREA SCHOOL
DISTRICT, Appellant

v.

Christopher BAXTER.

Commonwealth Court of Pennsylvania.

Argued Dec. 13, 2011.
Decided Jan. 24, 2012.

Elizabeth Kelly, Bethlehem, for appellant.

Michael E. Baughman, Philadelphia, for appellee.

BEFORE: PELLEGRINI, Judge,[1] and SIMPSON, Judge, and LEAVITT, Judge.

OPINION BY Judge PELLEGRINI.

Easton Area School District (School District) appeals an order of the Court of Common Pleas of Northampton County (trial court) affirming the determination of the Office of Open Records (OOR) to provide Christopher Baxter (Requestor) with copies of all emails sent and received between October 1, 2010, and October 31, 2010, for the email addresses of nine school board members, the district superintendent and the general school district.

Requestor, a reporter for the *Allentown Morning Call,* made to the School District under the Right–to–Know Law (RTKL)[2] a request for "[a]ll emails sent and received between Oct. 1 and Oct. 31" for email addresses of nine school board members, the school district superintendent and the general school board address. The School District would be compelled to provide that information under the RTKL, if it was a "record," which is defined by the RTKL as "[i]nformation, regardless of physical form or characteristics, that documents a transaction or activity of an agency and that is created, received or retained pursuant to law or in connection with a transaction, business or activity of the agency." Section 102 of the RTKL, 65 P.S. § 67.102.[3] In order to be subject to disclo-sure, this record also must be a public record, which is defined as, "[a] record . . . of a Commonwealth or local agency that: (1) is not exempt under section 708 [Exceptions for public records]; (2) is not exempt from being disclosed under any other Federal or State law or regulation or judicial order or decree; or (3) is not protected by a privilege." *Id.* Under Section 703 of the RTKL, 65 P.S. § 67.703, the "written request should identify or describe the records sought with sufficient specificity to enable the agency to ascertain which records are being requested."

The School District denied the request on the following grounds: "(1) Insufficiently specific—Section 703 of the RTKL; (2) Records protected by Federal or State Law or Regulation—Section 506(c) and Section 708(b)(i)(A); (3) Internal pre-decisional deliberations exception—Section 708(b)(10)(i)(A); and (4) Records subject to redaction for personally identifiable information—Section 708(b)(6)(i)(A)."

Requestor appealed to the OOR claiming that his request was sufficiently specific, and while certain emails might be subject to redaction, this did not allow the School District to make a blanket denial of the request for all records under any of the reasons given. In support of denial of the requested records, the School District submitted an affidavit from its Director of Human Resources stating that the records reflected internal, pre-decisional deliberations. The School District also alleged that because the requested emails referred to a particular student, those records were protected under The Family Education

---

1. This case was assigned to the opinion writer prior to January 7, 2012, when Judge Pellegrini became President Judge.

2. Act of February 14, 2008, P.L. 6, 65 P.S. §§ 67.101–67.3104.

3. Pertinent to this case, the definition of record includes "information stored or maintained electronically." Section 102 of the RTKL, 65 P.S. § 67.102.

Rights and Privacy Act (FERPA).[4]

The OOR held that Requestor's request was sufficiently specific, noting that it facially identified the type of records sought, the parties involved and a timeframe, and was sufficiently specific to allow the School District to identify at least 3,500 responsive records. The OOR further found that the School District failed to meet its burden of establishing that the records reflected internal, pre-decisional deliberations because an affidavit alone, without supporting evidence, was not sufficient to demonstrate how the requested records were internal, pre-decisional and/or deliberative in character. Finally, the OOR determined that the School District failed to provide sufficient evidentiary detail as to whether any of the responsive records constituted "education records" that might be entirely exempt under FERPA, but held that any "personally identifiable information" could be redacted. As a result, it ordered the School District to provide Requestor with all responsive records subject to the appropriate redactions.

 The School District appealed to the trial court and only contended that (1) under our decision in *In re Silberstein*, 11 A.3d 629 (Pa.Cmwlth.2010),[5] emails of individual school board members were not public records and (2) that Requestor's request was not sufficiently specific under Section 703 of the RTKL. As to the first issue, the trial court held that because the emails were sent and received from School District email addresses, were stored on the School District's server, and were the School District's property per its "Acceptable Use Policy," they were public records and *Silberstein* was inapplicable. As to the second issue, the trial court found that Requestor's request was sufficiently specific, noting that it sought only emails limited to a designated period of time and from a limited number of School District email users. The trial court affirmed the OOR's decision, and this appeal followed.[6]

The School District again contends that under our holding in *Silberstein*, emails to or from individual school board members do not qualify as public records for purposes of the RTKL. *Silberstein* involved a RTKL request seeking, *inter alia*, all electronic or written correspondence between two township commissioners and township citizens regarding applications for development projects in the township. The township produced documents and emails on the computers under its control but refused to produce any documents or emails on computers maintained solely by the individual commissioners or their private businesses. On appeal, the OOR ruled that the documents on the commissioners' personal computers were public records in possession of the township and were subject to disclosure. The trial court then reversed, reasoning that individual township supervisors were not a governmental entity, had no authority to act alone on behalf of the township, and did not have any obligation to keep records of every

---

4. Family Education Rights and Privacy Act of 1974, 20 U.S.C. § 1232g.

5. Requestor argued that the School District's reliance on *Silberstein* was barred by the waiver doctrine. The trial court rejected Requestor's waiver argument, and Requestor does not raise the issue on appeal.

6. Because the facts of this case are not in dispute, our standard of review is limited to whether the trial court committed an error of law, violated constitutional rights or abused its discretion. *SWB Yankees LLC v. Gretchen Wintermantel*, 999 A.2d 672, 674 n. 2 (Pa. Cmwlth.2010), *appeal granted in part by SWB Yankees LLC v. Wintermantel*, —— Pa. ——, 18 A.3d 1145 (2011). "The scope of review for a question of law under the [RTKL] is plenary." *Id.* (quoting *Stein v. Plymouth Township*, 994 A.2d 1179, 1181 n. 4 (Pa.Cmwlth.2010)).

email, note or conversation in which they discussed township matters in an email on their private computers. In affirming the trial court, this Court held that:

"[emails] and documents found on Commissioner Silberstein's personal computer would not fall within the definition of record as any record personally and individually created by Commissioner Silberstein would not be a documentation of a transaction or activity *of* York Township, as the local agency, nor would the record have been created, received or retained pursuant to law or in connection with a transaction, business or activity *of* York Township. In other words, unless the emails and other documents in Commissioner Silberstein's possession were produced with the authority of York Township, as a local agency, or were later ratified, adopted or confirmed by York Township, said requested records cannot be deemed 'public records' within the meaning of the RTKL as the same are not of the local agency' ".

*Silberstein*, 11 A.3d at 633.[7]

While *Silberstein* involved emails from a private email account on a private computer, the School District contends that because individual school board members do not have the authority to act on behalf of the School District, any emails to or from those individuals absent ratification or adoption by the School District do not constitute activity of the *agency* and are not records. Moreover, it contends that its mere possession of an email does not transform that email into a "public record."

Requestor argues that applying the rationale of *Silberstein* to the present case and holding that an individual school board member can only create a "record" when he or she acts in tandem with the other school board members essentially defeats the purpose of the RTKL. Requestor contends that the School District's "Acceptable Use Policy," [8] which mandates that the email system is for business use only, necessarily implies that any email sent to or from a School District email address concerns "a district transaction or activity" and, therefore, is a public record subject to disclosure under the RTKL.

■ We first address Requestor's contention that all emails on a public computer are automatically public records. While we have not addressed that issue, other states have. For example, the Arizona Supreme Court held in *Griffis v. Pinal County*, 215 Ariz. 1, 156 P.3d 418 (2007), that emails sent and received by a former county manager on a government-owned computer during a specific time period were not public records subject to disclosure under Arizona's RTKL equivalent. In holding that all information on a computer was not automatically a public record, the Arizona Supreme Court reasoned that "only those documents having a 'sub-

---

7. In *Mollick v. Township of Worcester*, 32 A.3d 859 (Pa.Cmwlth.2011), we held that if the requested emails on a private computer were exchanged for the purpose of deliberation of the township's business by a quorum of the supervisors within the meaning of the Sunshine Act, 65 Pa.C.S. §§ 701–716, then those records would be considered public records.

8. The School District's "Acceptable Use Policy" reads, in relevant part, that:

"[m]essages that are created, sent or received using the [District] email system are the property of the [District]. The [District] reserves the right to access and disclose the contents of all messages created, sent or received using the e-mail system. The e-mail system is strictly for official [District] messaging."

The policy further states that a user shall have no expectation of privacy relative to the School District internet and email systems. (April 29, 2011 Trial Court Opinion at 8.)

stantial nexus' with a government agency's activities qualify as public records" and ultimately held that "because the nature and purpose of the document determines its status, mere possession of a document by a public officer or agency does not by itself make that document a public record, nor does the expenditure of public funds in creating the document." *Id.* at 421.

In *Denver Publishing Co. v. Board of County Commissioners of Arapahoe,* 121 P.3d 190 (Colo.2005), the Colorado Supreme Court analyzed a trial court order that required disclosure of all email communications between a county recorder and assistant chief deputy. The Court explained that "[t]he simple possession, creation, or receipt of an e-mail record by a public official or employee is not dispositive as to whether the record is a 'public record.' The fact that a public employee or public official sent or received a message while compensated by public funds or using publicly-owned computer equipment is insufficient to make the message a 'public record.'" *Id.* at 199. It held that to be public record, the requested emails had to have "a demonstrable connection to the performance of public functions." *Id.* at 203.

In *Florida v. City of Clearwater,* 863 So.2d 149 (Fla.2003), the Florida Supreme Court held that "private documents cannot be deemed public records solely by virtue of their placement on an agency-owned computer. The determining factor is the nature of the record, not its physical location." *Id.* at 154. In that case, the city had a "Computer Resources Use Policy" similar to the School District's "Acceptable Use Policy." [9] The Court held that such a policy "cannot be construed as expanding the constitutional or statutory definition of public records to include 'personal' documents." *Id.*

The Court of Appeals of Michigan similarly held in *Howell Education Association, MEA/NEA v. Howell Board of Education,* 287 Mich.App. 228, 789 N.W.2d 495 (2010), that a public school's possession and retention of electronic data in its email system did not render teachers' private emails public records subject to disclosure. The court emphasized that this principle applies even where a teacher agrees to and subsequently violates a school district's acceptable use policy for its email system.[10] *Id.* at 503.

Finally, in *Schill v. Wisconsin Rapids School District,* 327 Wis.2d 572, 786 N.W.2d 177 (2010), the Wisconsin Supreme Court examined a request for all emails of public school teachers sent and received via school district email accounts on school district-owned computers. Ruling that such emails were not records under Wisconsin's Public Records Law, the Court stated that "while government business is to be kept open, the contents of employee's personal emails are not a part of government business" simply because they are sent and received on government email and computer systems. *Id.* at 183.

---

**9.** The city's policy stated, in relevant part, that the city's computer resources are the property of the city and that users have no expectation of privacy. *City of Clearwater,* 863 So.2d at 154.

**10.** The Howell School District's policy stated, in relevant part, that:

Email is not considered private communication ... It may be accessed by others and is subject to subpoena ... *Users should not expect that their communications on the system are private* ... Members should consider any use outside [district's] instructional goals and mission constitutes potential misuse....

*Howell Education Association,* 789 N.W.2d at 503.

We agree with those cases that emails should not be considered "records" just because they are sent or received using an agency email address or by virtue of their location on an agency-owned computer, even where, as here, the agency has a policy limiting use of computers to official business and stating that users have no expectation of privacy. That is so because a record is "information ... that documents a transaction or activity of an agency," and personal emails that do not do so are simply not records.

While emails located on an agency-owned computer are not presumptively records of the agency simply by virtue of their location, emails that document the agency's transactions or activities are records. The School District argues that because an individual school board member does not have the authority to transact business or act on behalf of the entire school board,[11] any email sent to or from an individual school board member's official email address cannot be considered a record under the RTKL.

■ Section 102 of the RTKL, 65 P.S. § 67.102, defines a record as "information ... that documents a transaction or activity of an agency and that is created, received or retained pursuant to law or in connection with a transaction, business or activity of the agency." While an individual school board member lacks the authority to take final action on behalf of the entire board, that individual acting in his or her official capacity, nonetheless, constitutes agency activity when discussing agency business.[12] See Barkeyville Borough v. Wallace and Leanne Stearns, 35 A.3d 91 (Pa.Cmwlth.2012). While it is likely that many of the requested emails reflect pre-decisional deliberations and would, therefore, fall under that RTKL exemption, the School District did not raise this argument on appeal.

■ The only remaining issue is whether Requestor's request was sufficiently specific under Section 703 of the RTKL. That section states, in relevant part, that "a written request should identify or describe the records sought with sufficient specificity to enable the agency to ascertain which records are being requested." Section 703 of the RTKL, 65 P.S. § 67.703. The School District argues that Requestor's request does not comply with Section 703 of the RTKL because it failed to identify the subject matter of the requested emails.

Recently, in *Mollick*, we addressed the specificity of a request to a township that sought, *inter alia:*

---

**11.** "The Code confers no authority upon *individual* school board members to act unilaterally under the guise of carrying out the responsibilities of a board as a *whole.* The law is clear that actions by a school board are taken by collective authority." *Bangor Area Education Association v. Angle,* 720 A.2d 198, 201 (Pa.Cmwlth.1998).

**12.** Even if we were to accept the School District's argument that the emails of individual school board members are never records under the RTKL, this rationale would not apply to emails from the superintendent's or general school board's email addresses. Unlike an individual board member, a school district's superintendent has the authority to act on behalf of the school district. *See Wrazien v.*

*Easton Area School District,* 926 A.2d 585 (Pa.Cmwlth.2007) (holding that a school superintendent had the independent authority to authorize payment of a retired employee's unused sick days as a retirement benefit under Section 1164 of the Public School Code, Act of June 29, 1984, P.L. 438, No. 93, 24 P.S. § 11–1164) and *Board of School Directors of Eastern York School District v. Fasnacht,* 64 Pa.Cmwlth. 571, 441 A.2d 481 (1982) (holding that a superintendent had the right to suspend an unfit teacher from the classroom pending dismissal by the board). Similarly, the general school board email address could be utilized to conduct official School District transactions or activities.

(1) all emails between [Township] Supervisors regarding any Township business and/or activities for the past one and five years; and (2) all emails between the Supervisors and the Township employees regarding any Township business and/or activities for the past one and five years.

*Id.,* at 861. We held that the requestor's failure "to specify what category or type of Township business or activity for which he is seeking information ... would place an unreasonable burden on an agency to examine all its emails for an extended time period without knowing, with sufficient specificity, what Township business or activity the request is related." *Id.*

Just as in *Mollick,* the request here is limited in terms of the type of record requested, the timeframe and the number of email addresses. Unlike in *Mollick,* though, the request here was not for years but for 30 days and the request was obviously sufficiently specific because the School District has already identified potential records included within the request. Because, unlike in *Mollick,* the request here does not constitute an unreasonable burden, it is sufficiently specific to comply with Section 703 of the RTKL.

Accordingly, based on the issue raised in this appeal, the School District is directed to provide all emails from the requested email accounts that "document a transaction or activity of an agency and that were created, received or retained pursuant to law or in connection with a transaction, business or activity of the agency" for the period specified. Accordingly, the trial court's order is affirmed to the extent that it provided access to those records but reversed as to that portion of its order providing for the disclosure of private activities.

## ORDER

AND NOW, this 24th day of January, 2012, the order of the Court of Common Pleas of Northampton County, dated April 29, 2011, at C–0048–CV–2011–1018, is affirmed to the extent that it provided access to records that "document a transaction or activity of an agency and that were created, received or retained pursuant to law or in connection with a transaction, business or activity of the agency" but reversed as to that portion of its order providing for the disclosure of private activities.

CONCURRING & DISSENTING OPINION BY Judge SIMPSON.

I respectfully concur in and dissent from the thoughtful majority opinion. For the reasons described below, I would affirm the decision of the Court of Common Pleas of Northampton County (trial court).

### I.

I concur in that part of the majority opinion which affirms part of the trial court's affirmance of the Office of Open Record's (OOR) determination. OOR determined that Christopher Baxter (Requester) should receive copies of all emails sent to or received from specified, official Easton Area School District (School District) e-mail addresses assigned to school board members and the School District superintendent, over a one month period.

The School District's "Acceptable Use" policy expressly provides that "The e-mail system is reserved for official [School District] messaging." Tr. Ct., Slip Op. at 8; Reproduced Record at 129a. The policy also provides that a user shall have no expectation of privacy. *Id.* These limitations on the subject matter of the e-mails support the result.

After the OOR's determination, however, the School District raised a new argument on its appeal to the trial court. It asserted that under this Court's recent decision in *In re Silberstein*, 11 A.3d 629 (Pa.Cmwlth.2011), e-mails to or from individual school board members were not public records as a matter of law because individual members could not conduct School District business. The Requester countered that because this issue was not raised in the original denial or in proceedings before the OOR, it was waived. The trial court held that the School District could raise the issue for the first time on appeal because *Silberstein* was not decided until after the OOR's determination. The trial court distinguished this Court's decision to the contrary in *Signature Information Solutions, LLC v. Aston Township*, 995 A.2d 510 (Pa.Cmwlth.2010).

In my view, the respected trial court erred on the waiver issue. The tardy raising of the "public record" defense to disclosure resulted in an appeal which careened off in a significantly different direction after the OOR's determination. As discussed below, it also resulted in the lack of any record on a factual issue material to the majority's disposition. The Requester does not press his waiver argument on further appeal to this Court, so there is a reason for the majority's decision not to address it fully. Nevertheless, we need to make clear that new defenses to disclosure cannot be raised by agencies after proceedings before the OOR merely because this Court renders a new decision.

## II.

I must dissent, however, to that part of the majority opinion and order which reverses "as to that portion of [the trial court's] order providing for the disclosure of private activities." *Easton Area School Dist. v. Baxter*, 35 A.3d 1259, 1265 (Pa. Cmwlth.2012). There are several reasons for my position.

First, and most obvious, there is nothing in the trial court's opinion or order that says anything about "disclosure of private activities." The trial court simply denied the School District's appeal and affirmed the OOR determination. Similarly, there is nothing in the OOR determination that addresses "disclosure of private activities" because that issue was never raised. As a result, it is difficult to know what parts of the foregoing orders are reversed.

Second, and more important, because of the way the appeal was distorted by the tardy raising of the "public record" defense, there is no information in the record to support a determination that any of the e-mails in question contain references to "private activities." Indeed, the School District never made this factual argument, never offered proof to support it, and never sought partial reversal on this basis. Rather, the School District argued (to the trial court and this Court) that because of the status of individual school board members e-mails to or from them could not be public records as a matter of law.

Third, because of the lack of detail in the majority order, I do not understand what happens next. Does the School District initiate a new review for "private activities" information, and the case starts all over again? Is the case remanded to the OOR for a new review of e-mail content? Or, is the reversal part of the majority order purely prospective in nature, so that it does not apply to the current controversy at all but will only apply to future requests for e-mails? I am stumped.

For all these reasons, I would affirm the trial court outright. I would not reverse any part of the trial court's order based on

"private activities" disclosure as the record does not support such action.