MONTGOMERY COUNTY

v.

**Paul IVERSON, Appellant.**

Commonwealth Court of Pennsylvania.

Argued May 16, 2012.

Decided Aug. 15, 2012.

Jonathan P. Newcomb, Philadelphia, for appellant.

Philip W. Newcomer, Norristown, for appellee.

BEFORE: PELLEGRINI, President Judge, and McGINLEY, Judge, and COHN JUBELIRER, Judge, and SIMPSON, Judge, and LEAVITT, Judge, and McCULLOUGH, Judge, and COVEY, Judge.

OPINION BY Judge COHN JUBELIRER.

Paul Iverson (Requestor) appeals from the Order of the Court of Common Pleas of Montgomery County (trial court) that reversed the Final Determination of the Office of Open Records (OOR). The OOR's Final Determination granted Requestor's appeal of the denial of his request for records (Request) by Montgomery County (County). The trial court reversed the OOR's Final Determination that the County was not justified in denying the Request on the basis that it was insufficiently specific, per Section 703 of the Right to Know Law[1] (RTKL), 65 P.S. § 67.703. On appeal, Requestor argues that: the Request was sufficiently specific; the fact that the County's IT infrastructure is insufficient to easily meet the Request is irrelevant; and the County's denial of the Request effective-ly limits the number of documents a requestor may request, in violation of Section 1308 of the RTKL, 65 P.S. § 67.1308.

On December 3, 2010, Requestor submitted his Request by email to the County. The Request stated:

> Pursuant to section 102 of the Commonwealth of Pennsylvania's right-to-know law, I am requesting an electronic copy of all email records to and from the <*montcopa.org*> mail domain, to and from the <*septa.org*>, <*dvrpc.org*>, <*pahouse.net*> and <*pasenate.com*> domains,
>
> WHERE
>
> The email subject and body contain the following terms:
>
> Newton
>
> Fox Chase
>
> Fox Chase–Newton
>
> R8
>
> HS–1
>
> Pennypack
>
> Trail
>
> Greenway
>
> Pa-tec
>
> Bryn Athyn
>
> Pitcairn
>
> Parkhouse
>
> Lorimer
>
> Bethayres

(Request, R.R. at 11a.) On December 10, 2010, the County notified Requestor that it would require additional time to review the Request. On January 10, 2011,[2] the County denied the Request (Denial), stating:

> your request is not sufficiently specific for the following reasons:

---

1. Act of February 14, 2008, P.L. 6.

2. Although the date on the face of the Denial is January 10, 2010, it appears that this is a typo, given that the Request was submitted December 3, 2010.

1. You did not identify a time period for which you are seeking emails.

2. You did not identify County senders/recipients for the emails you are seeking.

3. You did not identify the subject matter for the emails you are seeking.

(Denial, R.R. at 15a.) Requestor appealed the Denial to the OOR. In the appeal to the OOR, the County argued, in part, that complying with the Request would be impracticable. The OOR issued its Final Determination holding that the Request was sufficiently specific because it allowed the County to determine which records were being requested, and that the County's difficulty in producing the requested records would not alter their character as public records. The County appealed to the trial court, which held a hearing.

■ At the hearing, the County presented testimony from the County's Open Records Administrator, Burt Thomas Noonan, and the County's Infrastructure Development Manager, Anthony Olivieri. Crediting the testimony of the County's witnesses, particularly Mr. Olivieri, the trial court held that the Request was insufficiently specific because, in order to search the County's archived emails in the manner requested, the County would have to purchase additional, expensive computer hardware and even with the new equipment, the search itself would take weeks, not counting the time that would be necessary for individuals to review each email to determine what privileges or exemptions might apply. Requestor now appeals to this Court.[3]

On appeal to this Court, Requestor argues that: (1) his Request was sufficiently specific; (2) if the County's IT infrastructure is unable to handle the Request, the County should upgrade its infrastructure or change the way it handles its emails in order to be able to comply with such requests; and (3) the trial court's holding violates Section 1308's provision that an agency may not limit the number of documents a requestor may request.

■ We first address Requestor's argument that the Request was, in fact, sufficiently specific because it allowed the County to ascertain what records he was requesting. Section 703 of the RTKL provides, in relevant part, that a request for records "should identify or describe the records sought with sufficient specificity to enable the agency to ascertain which records are being requested." 65 P.S. § 67.703. An open-ended request that gives an agency little guidance regarding what to look for may be so burdensome that it will be considered overly broad. *Mollick v. Township of Worcester*, 32 A.3d 859, 871 (Pa.Cmwlth.2011). A request that is more narrow, however, may be sufficiently specific even though it requests broad categories of records. *Easton Area School District v. Baxter*, 35 A.3d 1259, 1265 (Pa.Cmwlth.2012). In addition, the specificity of a request must be construed in the request's context, rather than envisioning everything the request might conceivably encompass. *Pennsylvania State Police v. Office of Open Records*, 995 A.2d 515, 516–17 (Pa.Cmwlth.2010).

In *Pennsylvania State Police*, a requestor sought "[a]ny and all records, files, or

---

**3.** "This Court's scope of review from a decision of a trial court in a case under the RTKL is 'limited to determining whether findings of fact are supported by competent evidence or whether the trial court committed an error of law, or an abuse of discretion in reaching its decision.' " *Mollick v. Township of Worcester*, 32 A.3d 859, 869 n. 16 (Pa.Cmwlth.2011) (quoting *Kaplin v. Lower Merion Township*, 19 A.3d 1209, 1213 n. 6 (Pa.Cmwlth.), *petition for allowance of appeal denied*, 612 Pa. 693, 29 A.3d 798 (2011)).

*manual(s),* communication(s) of any kind, that explain, instruct, and or require officer(s) and Trooper(s) to follow when stopping a Motor Vehicle, pertaining to subsequent search(es) of that Vehicle, and the seizures of any property, reason(s) therefore (sic) taking property." *Id.* at 515–16 (emphasis in original) (alteration in original). This Court held that the part of the request seeking "any and all records, files, or communications of any kind," was not sufficiently specific, but that the part of the request seeking " 'manual(s),' " in the context of vehicle stops and seizures of property meant " 'manual(s)' relating to vehicle stops, searches and seizures," and was, thus, sufficiently specific because it enabled the Pennsylvania State Police to ascertain what records the requestor was seeking. *Id.* at 517.

In *Mollick,* this Court considered a request that sought, among other things, "(1) all emails between the Supervisors regarding any Township business and/or activities for the past one and five years; and (2) all emails between the Supervisors and the Township employees regarding any Township business and/or activities for the past one and five years." *Mollick,* 32 A.3d at 871. This Court held that the request was insufficiently specific because it failed "to specify what category or type of Township business or activity for which [the requestor was] seeking information." *Id.* We stated that "it would place an unreasonable burden on an agency to examine all of its emails for an extended time period without knowing, with sufficient specificity, [to] what Township business or activity the request is related." *Id.*

In *Easton Area School District,* 35 A.3d at 1260, this Court considered a request for " '[a]ll emails sent and received between Oct. 1 and Oct. 31' for email addresses of nine school board members, the school district superintendent and the general school board address." This Court held that this request was sufficiently specific because:

> [u]nlike in *Mollick,* though, the request here was not for years but for 30 days and the request was obviously sufficiently specific because the School District has already identified potential records included within the request. Because, unlike in *Mollick,* the request here does not constitute an unreasonable burden, it is sufficiently specific to comply with Section 703 of the RTKL.

*Id.* at 1265.

■ Here, the Request is most like the request this Court found to be insufficiently specific in *Mollick.* The Request provides no timeframe with regard to the emails it seeks. It does not identify specific individuals, email addresses, or even departments, but requests any applicable emails sent from the County's domain to four other domains. There is no context within which the search may be narrowed. It is true that the Request limits the emails sought to those that have one of fourteen terms in the subject line; however, some of these search terms, such as "Trail," are incredibly broad. Thus, as in *Mollick,* we hold that the trial court did not err in determining that the Request was too broad to enable the County to determine which records the Requestor sought.[4]

4. Requestor argues that, pursuant to Section 1308(2) of the RTKL, 65 P.S. § 67.1308(2), he is not required to disclose the motive or purpose for his Request. Section 1308(2) states that a policy or regulation adopted under the RTKL may not include "[a] requirement to disclose the purpose or motive in requesting access to records." 65 P.S. § 67.1308(2). However, the necessity of informing an agency with sufficient specificity of the records requested is not the same as a regulation requiring the disclosure of Requestor's pur-

For this reason, we affirm the Order of the trial court.[5]

### ORDER

**NOW,** August 15, 2012, the Order of the Court of Common Pleas of Montgomery County in the above-captioned matter is hereby **AFFIRMED.**

### CONCURRING OPINION BY President Judge PELLEGRINI.

While I agree that that the open records request submitted by Paul Iverson was not sufficiently specific under Section 703 of the Right–to–Know Law (RTKL), 65 P.S. § 67.703,[1] I write separately because I disagree with some of the reasoning used by the majority in reaching that conclusion.

As noted by the majority, Iverson submitted his open records request to Montgomery County seeking copies of all e-mail records "to and from the *<montcopa.org>* mail domain, to and from the *<septa.org>*, *<dvrpc.org>*, *<pahouse.net>* and *<pasenate.com>* domains" in which both the e-mail subject and body contain any of the following terms: "Newton"; "Fox Chase"; "Fox Chase–Newton"; "R8"; "HS–1"; "Pennypack"; "Trail"; "Greenway"; "Patec"; "Bryn Athyn"; "Pitcairn"; "Parkhouse"; "Lorimer"; or "Bethayres." Although Iverson specified the domains and the relevant keywords to be searched for in e-mails, he did not limit this request to any specific timeframe. I agree with the majority that a specific timeframe is needed so that the agency does not have to expend tax dollars to search records that are not pertinent to the request. Moreover, requiring specificity does not deny access to the documents; all that it does is require a requestor to submit a new application. Use of the form prepared by the agency that sets forth the required information and delivery of it to the Open Records Officer would facilitate, not impede, access because the form tells the requestor what the agency needs and gets the request to the party charged with expediting the request.

The other basis that the majority finds that the request is insufficiently specific deals with an issue we have not dealt with before—a request based on a "word search." No one here is contending that a word search is not a valid request because it is a request for documents with words, not a subject matter of the documents or the context in which the document is created. Unlike what occurred before digitization, when a request was made to an agency for records, the requestor would explain what he or she was after and the person fulfilling the request would go to the files where the information would be located—e.g., the files containing information on a "greenway" or a "trail" in "Fox Chase." With digitization, like using Google, a word search can be used to discover information on an enterprise basis, and if the search is not refined, as we all know, it can produce thousands of documents not relevant to the information that is sought. When such a

---

pose for seeking the records. As in *Pennsylvania State Police* and *Mollick*, some subject matter context may be necessary, as a practical matter, to narrow an otherwise overly broad request down to a request that sufficiently informs an agency of the records requested.

**5.** Due to our holding that the Request, in and of itself, is impermissibly broad, we do not reach Requestor's remaining issues, which re-

late to the trial court's rationale based upon the feasibility of attempting to comply with this immense Request.

**1.** Act of February 14, 2008, P.L. 6. 65 P.S. § 67.703, states, in relevant part, that "[a] written request should identify or describe the records sought with sufficient specificity to enable the agency to ascertain which records are being requested...."

number of results are retrieved, whether in a legal database or in Google, a search is refined because it is impractical to review every citation in the list of results. Not only would such review be impractical in the RTKL context, but an agency must also review every citation for information that is exempt from disclosure.

In addressing that issue, the majority finds that the word search here is insufficiently specific because "it does not identify specific individuals, email addresses, or even departments, but requests any applicable emails from the County's domain to four other domains. There is no context within which the search may be narrowed. It is true that the Request limits the emails sought to those that have one of fourteen terms in the subject line; however, some of those search terms, such as 'trail,' are incredibly broad." Op. at p. 284. The majority reasons that because the request could produce a large number of documents, access could be denied because it would place an unreasonable burden on an agency to examine all its e-mails for an extended period without knowing, with sufficient specificity, what township business or activity the request is related. *Id. See Mollick v. Township of Worcester*, 32 A.3d 859, 871 (Pa.Cmwlth.2011) (holding that the request for e-mails among Township Supervisors and between the Supervisors and Township employees regarding any Township business and/or activities for a one to five-year period was deemed to be overbroad).

I agree with the majority that the word search here is insufficiently specific because, on its face, the request provides no context to allow for the narrowing of results to know exactly what the information Iverson is seeking. 65 P.S. § 67.703 requires that "[a] written request should identify or describe the records sought with sufficient specificity to enable the agency to ascertain which records are being requested...." Even if the word search provides sufficient context, if it is obvious that a word search requested contains too may common terms, or the word search itself produces records which, after sampling, contain a significant percentage of documents that have nothing to do with the request, the agency can deny the request as being not sufficiently specific. However, I disagree with the majority's suggestion that an agency does not have to automatically comply with the request just because the request produces a large number of documents for review. 65 P.S. § 67.1308(1) prohibits a policy or regulation which places "a limitation on the number of records which may be requested or made available for inspection or duplication."

I also part company with the majority's suggestion that a requestor has to identify specific individuals, e-mail addresses or even departments in the request. I disagree for several reasons with that reasoning. Nothing in the RTKL requires that a requestor know who authored the document, the names that are involved or the e-mail addresses. All that the RTKL requires is that the request be made with such specificity that the documents requested can be identified.

Finally, and having said all that, the County does not have to conduct a word search in this case because it does not have the capability with its present equipment to make such a search, and it is under no obligation to purchase the equipment or software giving it that capability. As noted by the trial court, the County's Infrastructure Development Master, Anthony Olivieri, testified that Montgomery County does not have the physical storage equipment to sift through all of the e-mails that Iverson requested, and that the County would have to buy new servers and

storage devices to accommodate the request. (Reproduced Record at 98a.) Olivieri opined that it would take two weeks to restore each calendar year of e-mails into the new system, so that the County would expend ten weeks to simply gather all of the e-mails that would be accessible back to 2006. (*Id.* at 104a.) Once all of the data is restored, Olivieri explained that the County would then have to create a minimum of 7,500 personal storage table files for the data to then start mining for the information identified by the keywords in Iverson's request. (*Id.* at 101 a–03a.) Olivieri stated that each of Iverson's 14 search terms would then have to be examined separately and that each search would take approximately 45 days for each calendar year of e-mails on the new server, and that individual machines would have to be searched as well. (*Id.* at 104a–06a.) Olivieri confirmed that this expensive and laborious process would be the only way to comply with the request submitted by Iverson. (*Id.* at 107a.)

As noted by the County, Section 705, 65 P.S. § 67.705, states that "[w]hen responding to a request for access, an agency shall not be required to create a record which does not currently exist or to compile, maintain, format or organize a record in a manner in which the agency does not currently compile, maintain, format or organize the record." In addition, Section 507, 65 P.S. § 67.507, states that "[n]othing in this act shall be construed to modify, rescind or supersede any record retention policy or disposition schedule of an agency established pursuant to law, regulation, policy or other directive."

Thus, the RTKL does not require the County to engage in the extraordinarily burdensome process of reclaiming the broad swath of archived records based on Iverson's request or to expend funds to purchase equipment to comply with a request under the RTKL. Moreover, the RTKL does not require the County to purchase the new hardware and software that would be required to accommodate such an unlimited and unwarranted search.

Accordingly, like the majority, I agree that the trial court's order should be affirmed because Iverson's request was not sufficiently specific under 65 P.S. § 67.703.

Judges LEAVITT and COVEY join in this concurring opinion.