Anthony ASKEW, Petitioner

v.

**PENNSYLVANIA OFFICE OF the GOVERNOR, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Sept. 28, 2012.
Decided Jan. 16, 2013.
Publication Ordered April 1, 2013.

Anthony Askew, pro se.

Andrea L. Bowman, Special Counsel, Harrisburg, for respondent.

OPINION PER CURIAM.

Anthony Askew (Requester) petitions, *pro se*, for review of the December 6, 2011 final determination of the Office of Open Records (OOR) upholding the denial of his request for certain information from the Pennsylvania Office of the Governor (Office) under the Pennsylvania Right to Know Law (RTKL).[1]

On October 22, 2011, Requester submitted a second written request for information[2] to the Office, seeking:

[A]ny Certified copies of the Senate & House bills ratified and presented to any past or present Governor of the Commonwealth of Pennsylvania, who, in turn, provided jurisdiction over the site or Borough where 1010 Maple Avenue, apartment # 2, Turtle Creek, PA 15145 is located. The Governor's relinquishment of jurisdiction would have been for the purpose of punishing Commonwealth Citizens for alleged federal offenses in violation of any law of the United States on or before July 8, 2003.

Notice of Acceptance of Jurisdiction would have come from the Attorney General of the United States who would have held office on or before July 8, 2003. I have enclosed a copy of a case from the Supreme Court of the United States on whose authority I am relying (*Adams v. United States*). Said case specifically, clearly, and unambiguously exhibits the information I request regarding jurisdiction ceded to the United States in accordance with [40 U.S.C. § 255].

(Request, 10/22/2011, at 1.) As part of his request, Requester attached a copy of the United States Supreme Court's decision in *Adams v. United States*, 319 U.S. 312, 63 S.Ct. 1122, 87 L.Ed. 1421 (1943).

By letter dated October 28, 2011, the Office denied the request, stating that it was not sufficiently specific under section 703 of the RTKL, 65 P.S. § 67.703. The

---

1. Act of February 14, 2008, P.L. 6, 65 P.S. § 67.101– § 67.3104.

2. Requester previously sent a request to the Office that was similar to his second request, but the Office denied that request on October 19, 2011, because it lacked specificity.

letter advised Requester that the time-frame provided was too broad; that a legal conclusion and research would be required to determine whether a Governor "provided jurisdiction" over the location; that the reference to the alleged basis to relinquish jurisdiction did not add specificity to the request; and, finally, that documents from 2003 were no longer in the custody, possession or control of the Office, but had been forwarded to the State Archives.

Requester filed an appeal to the OOR. On December 6, 2011, the OOR issued a final determination and upheld the Office's denial of the request. Like the Office, the OOR concluded that the request lacked specificity. Particularly, the OOR reasoned:

> In the present case, the OOR is unable to discern what records are being sought. While the Request appears to seek certified copies of Senate or House bills, the Request provides little clarity as to which particular bills are desired. The OOR has previously held that the RTKL does not require agencies to "render either a legal or factual opinion on an issue in response to a right-to-know request." *Donohue [Donahue] v. Hazelton [Hazleton] Area School District*, OOR Dkt. AP 2011–1056 [2011 WL 3914804], 2011 PA O.O.R.D. Lexis 736. The general description of the content of the requested legislation appears to require such a legal or factual opinion as

to whether the bill(s) either provided jurisdiction over a particular property or was created for "the purpose of punishing Commonwealth Citizens for alleged federal offenses." Based on a review of the request, the OOR finds that the Office properly denied access pursuant to 65 P.S. § 67.703.

(OOR Final Determination, 12/06/2011, at 3–4.)

Requester then filed a timely petition for review with this Court.

■ On appeal,[3] Requester argues that his request was specific enough to enable the Office to ascertain and locate the documents that he requested. Requester contends that his request did not require the Office to render a legal opinion but to simply locate a particular law. Requester further asserts that "[r]esearch is involved with each and every request" and that "a search has to be made" with respect to any request for a record. (Requester's Motion to Compel Compliance, at 3.)[4] For these reasons, Requester contends that his request was sufficiently specific. We disagree.

■ The purpose of the RTKL is "to promote access to official government information in order to prohibit secrets, scrutinize the actions of public officials, and make public officials accountable for their actions...." *Bowling v. Office of Open Records*, 990 A.2d 813, 824 (Pa.

---

3. We independently review a determination of the OOR and may substitute our own findings of fact for that of the agency. Our scope of review is plenary. *Hodges v. Pennsylvania Department of Health*, 29 A.3d 1190, 1192 n. 6 (Pa.Cmwlth.2011).

4. Requester's appellate brief incorporates by reference his "Motion to Compel Compliance," which has the characteristics of an appellate brief and was previously filed and accepted by this Court as a petition for review. To any extent that Requester's Motion

to Compel Compliance is deficient as an appellate brief under our Rules of Appellate Procedure, we disregard the noncompliance because our ability to conduct effective appellate review is not hampered. *See Richardson v. Pennsylvania Insurance Department*, 54 A.3d 420, 425–26 (Pa.Cmwlth.2012) (reiterating that this Court will not dismiss an appeal because a *pro se* brief fails to comply with the Rules of Appellate Procedure where the noncompliance does not impede our ability to conduct meaningful appellate review).

Cmwlth.2010), *appeal granted in part,* 609 Pa. 265, 15 A.3d 427 (2011).

■ In pertinent part, section 703 of the RTKL provides that a request for records "should identify or describe the records sought with sufficient specificity to enable the agency to ascertain which records are being requested." 65 P.S. § 67.703. In determining whether a request satisfies this statutory requirement, this Court is mindful that "the specificity of a request must be construed in the request's context, rather than envisioning everything the request might conceivably encompass." *Montgomery County v. Iverson,* 50 A.3d 281, 283 (Pa.Cmwlth.2012) (*en banc* ).

We conclude that Requestor's request lacks specificity because it is open-ended in terms of a timeframe, overly broad in the scope of documents sought, and cannot be satisfied without conducting legal research to form the basis of a legal opinion.

■ Initially, Requester's request for bills dated "on or before July 8, 2008" is virtually unlimited as to timeframe. In *Mollick v. Township of Worcester,* 32 A.3d 859, 871 (Pa.Cmwlth.2011), the requestor sought documents from the Township of Worcester, including "(1) all emails between the Supervisors regarding any Township business and/or activities for the past one [to] five years; and (2) all emails between the Supervisors and the Township employees regarding any Township business and/or activities for the past one [to] five years." In finding that the request was unspecific, this Court noted that it was important for a request to contain a limited timeframe, stating in relevant part that "it would place an unreasonable burden on an agency to examine all its emails for an extended time period," i.e., for the past one to five years. *Id. Cf. Easton Area School District v. Baxter,* 35 A.3d 1259, 1265 (Pa.Cmwlth.2012) ("Unlike in *Mollick,* though, the request here was not for

years but for 30 days . . . ."). In *Montgomery County,* an en banc panel of this Court addressed a request for "all email records to and from" one mail domain and four other mail domains where the subject body of the email contained any one of fourteen terms. Relying on *Mollick,* this Court found that the request was insufficiently specific, in part, because the request "provides no timeframe with regard to the emails it seeks." 50 A.3d at 284.

Here, Requester's request is not limited by a definite timeframe and includes purported legislation dating from when our Commonwealth joined the United States in 1787 until July 8, 2003. Pursuant to *Mollick* and *Montgomery County,* Requester's request is overly broad in terms of delineating a practical time-frame and does not satisfy the specificity requirement of section 703 of the RTKL.

■ Additionally, Requester's request for bills and/or records that "provide," "relinquish," and "accept" jurisdiction is vague as to the scope of documents sought in connection with the request. In *Pennsylvania State Police v. Office of Open Records,* 995 A.2d 515, 515–16 (Pa.Cmwlth. 2010), a request was made, in pertinent part, for "[a]ny and all records, files, or . . . communication(s) of any kind, that explain, instruct, and or require officer(s) and Trooper(s) to follow when stopping a Motor Vehicle" and seizing property pursuant to a search. This Court concluded that:

> [w]hat is overbroad . . . is the first clause of the request, which begins, 'Any and all records, files, or . . . communication(s) of any kind . . . .' The portion of the request seeking any and all records, files or communications is insufficiently specific for the [agency] to respond to the request.

*Id.* at 517. Similarly, in *Pennsylvania Housing Finance Agency v. Ali,* 43 A.3d 532, 533 (Pa.Cmwlth.2012), the requester sought a "[c]opy of all correspondence, including proposal and sales agreements, concerning item 4C Project Workout—Chestnut/56th Street Apartments found on the PHFA February 10, 2011 Agenda and, or distributed to the Board." This Court concluded that the phrase seeking "all correspondence ... concerning ... and/or distributed to the Board" was unspecific because it incorporated too many different kinds of potential documents. *Id.* at 535.

Here, Requester seeks "any" form of legislation that "provides" jurisdiction. Given the vagueness of the request, the document(s) that allegedly "provided" jurisdiction may take the form of a bill that is passed by either the House or Senate, both the House and Senate, the General Assembly and merely "presented" to the Governor, and/or the General Assembly and signed into law by the Governor. Concerning the request for records where the Governor "relinquished" and the Attorney General "accepted" jurisdiction, Requester does not specify the kind of medium (*e.g.,* an enacted law or a particular legal document) in which these purported records would be located; as a result, the Office is asked to search the vast universe of legislation and legal documents without any limiting criteria. Because Requester fails to sufficiently identify the types of records in which his request would be located, he essentially requests the Office to locate "any and all laws and/or legal documents related to the providing, relinquishment and acceptance of jurisdiction over the location." Therefore, akin to the requests in *Ali* and *Pennsylvania State Police,* Requester's request is insufficiently

specific for the Office to respond because it is overly broad and encompasses a wide-range of legal documents and types of legislation.

Finally, Requester's request for bills that "provide" jurisdiction where the "acceptance" of jurisdiction is accomplished pursuant to *Adams* and/or 40 U.S.C. § 255 requires both legal research and analysis. The OOR has repeatedly held that a request to conduct legal research renders the request unspecific. *Aliota v. Millcreek Township,* OOR Dkt. AP 2012–1351 (filed September 7, 2012); *Glance v. Fairview Township,* OOR Dkt. AP 2009–0674, 2009 WL 6504564 (filed September 2, 2009). Although this Court has yet to endorse or reject that proposition, we conclude that a request necessitating the performance of traditional legal research and analysis to form the basis of a legal opinion makes the request unspecific in nature.[5] Indeed, a request that explicitly or implicitly obliges legal research is not a request for a specific document; rather, it is a request for someone to conduct legal research with the hopes that the legal research will unearth a specific document that fits the description of the request.

Here, Requester's request asks the Office to conduct legal research with respect to *Adams* and/or 40 U.S.C. § 255 in order to ascertain what Requester is seeking. Even if the Office did not have to conduct legal research on *Adams* or 40 U.S.C. § 255, the Office would still have to perform a considerable amount of legal research and analysis to locate and identify those laws and/or legal documents that are responsive to Requester's request, *i.e.,* the

---

5. We note that the idea that a request lacks specificity if it requires legal research is not a novel one and has been embraced by our sister courts. *See, e.g., Bart v. Passaic County Public Housing Agency,* 406 N.J.Super. 445, 968 A.2d 187, 191 (Ct.App.Div.2009); *West v. Jackson,* 448 F.Supp.2d 207, 212 (D.D.C. 2006).

laws and/or documents that have the legal effect of "providing" and "relinquishing" jurisdiction. Therefore, Requester's request lacks specificity on the additional basis that it necessitates traditional legal research and analysis, not only to ascertain that which is being requested, but also to determine whether a particular law and/or document possesses the legal significance necessary to make it responsive to the request.

Our analysis and result is consistent with *Department of Environmental Protection v. Legere*, 50 A.3d 260 (Pa.Cmwlth. 2012). In that case, a requestor sought all Act 223, section 208 determination letters issued by the Department of Environmental Protection (DEP) since January 1, 2008. On appeal, this Court concluded that the request was sufficiently specific because the documents are created by DEP pursuant to a state statute and "there are no judgments to be made as to whether the documents are related to the request. The documents either are or are not section 208 determination letters." 50 A.3d at 264–65. In contrast to *Legere*, where the DEP could look at the face of the document and readily discern whether it is a section 208 determination letter, in this case legal research and analysis are necessary to analyze Requester's request and determine whether a particular document effectively "provided" or "relinquished" jurisdiction. Accordingly, the request in *Legere* is not comparable to Requester's request.

For the above-stated reasons, we conclude that Requester's request lacks specificity as required by section 703 of the RTKL. Accordingly, we affirm the final determination of the OOR upholding the denial of Requester's request.

### ORDER

AND NOW, this 16th day of January, 2013, the December 6, 2011 final determi-

nation of the Office of Open Records is affirmed.