IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Ralph Duquette,                          :
                                         : No. 1511 C.D. 2015
                         Petitioner      : Submitted: March 18, 2016
                                         :
            v.                           :
                                         :
Pennsylvania Historical                  :
and Museum Commission,                   :
                                         :
                         Respondent      :


BEFORE:    HONORABLE ROBERT SIMPSON, Judge
           HONORABLE MICHAEL H. WOJCIK, Judge
           HONORABLE DAN PELLEGRINI, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                                    FILED:  June 21, 2016


          Ralph Duquette (Requester), *pro se*, petitions for review from a final

determination of the Office of Open Records (OOR) that denied in part and

dismissed in part for lack of jurisdiction his appeal from the Pennsylvania

Historical and Museum Commission's (PHMC) response to his request under the

Right-to-Know Law (RTKL).[1]  Requester argues OOR erred by:  determining he

modified his request on appeal; not conducting an *in camera* review or requiring

PHMC to substantiate its claim to exemptions; and, setting a duplication fee that is

higher than the prevailing rate.  Upon review, we affirm.

_____

[1] Act of February 14, 2008, P.L. 6, 65 P.S. §§ 67.101–67.3104.

Requester filed a broad request for records seeking to inspect any and all documents related to a proposed shale gas pipeline (pipeline) to be located through multiple municipalities in Schuylkill, Lebanon, and Lancaster Counties. Reproduced Record (R.R.) at 1a-2a. Requester sought communications between PHMC and the pipeline's parent company, the Williams Pipeline Company d/b/a Transco Pipeline Company, and its contractors. *Id*. More particularly, the request sought correspondence, internal communications, calendar entries, minutes of meetings, investigations, and all other documents, including maps, pertaining to the pipeline since January 1, 2013. *Id*.

PHMC partially denied the request on the basis certain records are exempt from public disclosure under Section 708(b) of the RTKL, 65 P.S. §67.708(b). Specifically, it claimed some records reflected the internal, predecisional deliberations of PHMC's employees and officials, which are exempt under Section 708(b)(10), 65 P.S. §67.708(b)(10), or identified the locations of archeological sites, which are exempt under Section 708(b)(25), 65 P.S. §67.708(b)(25).

However, PHMC granted access to 2,154 pages of responsive records. PHMC provided contact information to set up an appointment for inspection and noted that photocopies of the records would cost 50 cents per page. PHMC explained it was entitled to charge 50 cents per page to copy records pursuant to the History Code, 37 Pa. C.S. §§101-906.

Requester appealed to OOR challenging the reasonableness of the copying fees and requesting a fee reduction or waiver. With respect to the exempted records, Requester stated he "did not ask for these specific documents." R.R. at 7a. However, to the extent such documents related to his request, he

2

demanded production. *Id.* Lastly, Requester sought sanctions against PHMC for its "bad faith, non-specific, global objection." *Id*. at 8a.

OOR invited the parties to supplement the record, and it directed PHMC to notify third parties of their ability to participate in the appeal pursuant to Section 1101(c) of the RTKL, 65 P.S. § 67.1101(c). PHMC submitted a position statement, asserting the History Code authorizes it to set rates for the reproduction of its records. PHMC also argued Requester cannot modify his RTKL request on appeal.

As for the fees, OOR determined the History Code does not apply to the requested records. OOR is authorized to establish fees for duplication by photocopying for the Commonwealth and local agencies. Section 1307 (b)(1)(i) of the RTKL, 65 P.S. §67.1307(b)(1)(i). Pursuant to this authority, OOR approved fees up to 25 cents per page for standard-sized, black and white records.

To the extent Requester argued PHMC should waive any copying charges, OOR determined it lacked jurisdiction over fee waivers. OOR recognized Section 1307(f) of the RTKL, 65 P.S. §67.1307(f) permits an agency to waive fees when the agency deems it is in the public interest to do so. But OOR explained the waiver of fees is not denial of access and there is no right of appeal to OOR challenging a denial of a fee waiver request.

In addition, OOR concluded an RTKL request cannot be modified on appeal. OOR's review is confined to the request as written. OOR advised this determination does not preclude Requester from filing another request with PHMC for this information.

Finally, OOR determined it lacked jurisdiction to impose bad faith sanctions. OOR explained that, although it may make findings of bad faith, only

the courts have the authority to impose sanctions on agencies. For these reasons, OOR denied in part and dismissed in part Requester's appeal.

Requester then petitioned this Court for review.[2] Requester presents a myriad of issues, which we have reframed and reordered for purposes of clarity. First, Requester contends OOR erred by determining he modified his request on appeal. Next, he argues OOR erred by allowing PHMC to deny access to records based on the exemptions without requiring PHMC to substantiate its claim through affidavits or conducting an *in camera* review of the records to determine the validity of the claimed exemptions. He also claims OOR erred or acted arbitrarily in determining a specific, non-prevailing set fee for duplication under Section 1307(b). In addition, he asserts: PHMC failed to notify third parties, including property owners directly impacted by the pipeline, of their ability to participate in the appeal; OOR's interim guidelines violated his due process and equal protection rights by requiring him to file supplemental information; OOR erred by not sufficiently describing the records PHMC disclosed; and, OOR's final determination is not supported by substantial evidence.

### 1. Request Modification

First, Requester contends OOR erred by determining that he modified his request on appeal. We disagree.

RTKL requests must be sufficiently specific and include timeframes and types of documents sought. Section 703 of the RTKL, 65 P.S. §67.703; *Askew*

---

[2] This Court has jurisdiction over final determinations involving Commonwealth agencies, such as the Commission. Section 1301(a) of the RTKL, 65 P.S. §67.1301(a). For appeals from determinations made by the OOR involving Commonwealth agencies, our standard of review is *de novo* and our scope of review is plenary. *Bowling v. Office of Open Records*, 75 A.3d 453, 477 (Pa. 2013).

*v. Office of the Governor*, 65 A.3d 989, 992 (Pa. Cmwlth. 2013). Requesters cannot change their RTKL requests on appeal. *Pennsylvania State Police v. Office of Open Records*, 995 A.2d 515, 516 (Pa. Cmwlth. 2010). OOR is confined to the original request as written. *Id*.

Here, Requester filed a request seeking "broad categories of documents dated since January 1, 2013" related to communications about the pipeline. R.R. at 1a. Specifically, he requested:

> any and all emails sent to/from any [PHMC] email account, PHMC-related email account, or any personal email address of any PHMC employee and/or official - elected or appointed. . . .
>
> - Any and all documents, without restriction, related to any types of communications transacted via private email account, the record created on the private email account becomes part of the public record.
>
> - Any and all documents, without restriction, related to any types of communications about, to, from and with Williams Pipeline Company, d/b/a Transco Pipe Line Company (in any of their corporate forms) and/or their contractors and/or agents and/or others acting on their behalf, related to locating, building, placing and/or replacing, maintaining, repairing, transporting, surveying for, paying for, etc., natural gas and/or gasoline and/or propane and /or other hydrocarbons within and/or near Schuylkill County, Lebanon County and/or Lancaster County.
>
> - Any and all copies of correspondence (including but not limited to email, fax, letters, etc.) and notes thereof, from and to Williams Pipeline (in any of their corporate forms) and/or their contractors and/or agents and/or others acting on their behalf. This category includes correspondence sent to/

5

from any township employee and/or official - elected or appointed - either to their attention at their respective PHMC Office or to their home address.

- Any and all internal communications (on paper or in electronic form) evidencing discussions between PHMC staff, departmental staff, office staff and other persons employed by or on behalf of PHMC re the proposed Williams pipeline and issues related thereto.

- Any and all calendar entries showing and/or indicating meeting dates and times with representatives and/or agents of Williams Pipeline (in any of their corporate forms).

- All minutes of meetings between PHMC personnel and/or agents and Williams-related entities since January 2013.

- All documents related to PHMC investigations and/or issues - state and/or federal - related the proposed Williams pipeline and any of the municipalities along the proposed route in the above-specified counties, since January 2013.

- Any and all other documents, including maps of Williams' proposed pipeline routes, which might be responsive to this request.

\* \* \*

This request is limited to the placement of the Williams pipeline in the above-specified counties.

R.R. at 1a-2a.

In response to his request, PHMC identified 4,620 pages of records. PHMC granted access to 2,154 pages of records; however, PHMC denied access to 2,466 pages of records having identified them as exempt from disclosure under

6

Section 708(b) of the RTKL. The records fell into three categories: (1) records of archeological sites (135 pages), which PHMC asserted were exempt under Section 708(b)(25) (archeological site); (2) records of determinations of eligibility (DOE) (348 pages), which it claimed were exempt under Section 708(b)(10) (predecisional deliberation); and, (3) Phase I Cultural Resources Survey Archeological Report (Report) (2,161 pages), which it also claimed was exempt under Section 708(b)(10).

Significantly, in his appeal to OOR, Requester expressly and repeatedly stated he did not request any of the undisclosed records. R.R. at 7a. Nevertheless, he then attempted on appeal to modify his request to obtain them. *Id*. With regard to the archeological records, he stated he "did not ask for these specific documents," but then he requested the documents "to the extent the undefined 'archeological sites' are commonly known or would be known to anyone involved in historical research." *Id*. As for DOE records, he stated he "did not ask for this specific type of document; however to the extent documents related to any DOE effort were exchanged between PHMC and any private entity, including notes and minutes of meetings . . ." he demanded their production. *Id*. Finally, with regard to the Report, he stated he "did not ask for this document," but again requested it "to the extent documents related to any DOE effort were exchanged between PHMC and any private entity, including notes and minutes of meetings . . . ." *Id*. at 7a-8a.

7

Upon review, Requester did not request the undisclosed documents. Therefore, OOR properly limited its review to the original request as written. It did not consider Requester's modified request on appeal.[3]

Moreover, because Requester admits that he did not request these records, he cannot credibly claim that PHMC improperly withheld them. Consequently, any issues relating to these undisclosed records, *i.e.*, whether OOR erred by not conducting an *in camera* review or requiring PHMC to substantiate its claims to exemption, are not properly before us at this time and will not be addressed in this appeal.

**2. Copying Fees**

Next, Requester claims OOR erred or acted arbitrarily in authorizing a duplication fee of 25 cents per page pursuant to Section 1307(b)(1)(i) of RTKL. According to Requester, this fee conflicts with the "prevailing fees" language in Section 1307(b)(2). Specifically, he claims a copying charge of 25 cents per page is excessive and exceeds the prevailing fee for comparable duplication services charged by local business entities.

Pursuant to Section 1307(b)(1)(i) of the RTKL, OOR is authorized to establish fees for duplication by photocopying for Commonwealth agencies and local agencies. Such "fees must be reasonable and based on prevailing fees for comparable duplication services provided by local business entities." Section 1307(b)(2) of the RTKL. This Court has found that 25 cent per page charge is reasonable. *Weiss v. Williamsport Area School District*, 872 A.2d 269, 272 (Pa. Cmwlth. 2005); *see also State Employees' Retirement System v. Office of Open*

---

[3] As the OOR noted, there is nothing prohibiting Requester from filing another request with the PHMC.

*Records*, 10 A.3d 358, 361 (Pa. Cmwlth. 2010) (*SERS*); *Baravordeh v. Borough Council of Prospect Park*, 699 A.2d 789, 791 (Pa. Cmwlth. 1997), *appeal denied*, 725 A.2d 183 (1998).

Pursuant to this authority, OOR approved copying fees of up to 25 cents per page for standard-sized, black and white records. Other than asserting that some local business entities may charge less, Requester offered nothing to substantiate his claim that 25 cents per page is not the prevailing fee charged by local business entities or that the fee is unreasonable. As this Court previously upheld the fee as reasonable, we conclude OOR did not err in authorizing PHMC to charge a fee of up to 25 cents per page.[4]

**3. Waiver**

Finally, Requester presents numerous other issues in the statement of questions involved portion of his brief. Petitioner's Brief at 5-7. He asserts: PHMC failed to notify third parties, including property owners directly impacted by the pipeline, of their ability to participate in the appeal; OOR's interim guidelines violated his due process and equal protection rights by requiring him to file supplemental information; OOR erred by not sufficiently describing which records PHMC disclosed; and, OOR's final determination is not supported by substantial evidence. However, Requester does not adequately develop these issues in his brief. Consequently, these issues are waived. *See* Pa. R.A.P. 2119(a) ("The argument shall be divided into as many parts as there are questions to be argued; and shall have at the head of each part . . . the particular point treated therein, followed by such discussion and citation of authorities as are deemed

---

[4] We note that, at this point in time, Requester has not requested copies and PHMC has not charged any fees for duplication.

pertinent."); *Commonwealth v. Spotz*, 716 A.2d 580, 585 n.5 (Pa. 1998), *cert. denied*, 526 U.S. 1070 (1999) (failure to develop issue in appellate brief results in waiver).

Accordingly, we affirm.

_____
MICHAEL H. WOJCIK, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Ralph Duquette,                     :
                                     : No. 1511 C.D. 2015
                Petitioner      :
                                       :
               v.                   :
                                       :
Pennsylvania Historical            :
and Museum Commission,           :
                                       :
               Respondent    :

O R D E R

AND NOW, this 21st day of June, 2016, the final determination of the Office of Open Records, dated July 22, 2015, is AFFIRMED.

_____
MICHAEL H. WOJCIK, Judge